UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

NV West Servicing, LLC,

        Plaintiff

v.

Bank of America, N.A.,

        Defendant

Case No. 2:19-cv-00188-CDS-DJA

**Order Resolving Cross-Motions for Summary Judgment**

[ECF Nos. 48, 49]

      This is a quiet-title and declaratory-relief action related to real property located at 12 Copper Pine Avenue in North Las Vegas, Nevada. Plaintiff NV West Servicing LLC brought this action, arguing that the first deed of trust recorded against the Copper Pine property on February 28, 2008, was extinguished by a foreclosure sale in November of 2013. Defendant Bank of America (BANA) answered the complaint, including a counterclaim seeking injunctive relief against NV West. ECF No. 9 at 6–15. Both parties move for summary judgment.[1] NV West argues that it is entitled to a judgment in its favor and a finding that it purchased the property free and clear of BANA's Deed of Trust. BANA argues for summary judgment in its favor because Nevada law forecloses NV West's case. For the reasons set forth herein, I grant BANA's motion for summary judgment and deny NV West's. As no claims remain, I direct the Clerk of Court to close this case.

**I.    Procedural history**

      On November 9, 2018, NV West filed a complaint in the Eighth Judicial District Court against defendant Bayview Loan Servicing, LLC. Compl., ECF No. 1-1. The complaint sought to

---

[1] The motions for summary judgment are renewed. The court stayed this action pending resolution of a Nevada Supreme Court case, *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022).

quiet title and obtain declaratory relief. *See generally id.* Bayview then removed this action to federal court on January 31, 2019, based on diversity jurisdiction. ECF No. 1.

II.     **Summary of relevant facts**

The underlying facts giving rise to this action began in February 2008 when Carlos Galvez took out a mortgage from Countrywide KB Home Loans for the Copper Pine property in the amount of $177,208. *See* ECF No. 1-1 at ¶¶ 12–24. A deed of trust for the property was recorded, giving Countrywide a security interest in the Copper Pine Avenue location, and Galvez was responsible for repaying the mortgage. ECF No. 30-3. The Copper Pine residence is located within the Sierra Ranch community. Thus, when Galvez took out a mortgage to purchase the home, it was subject to previously recorded covenants, conditions, and restrictions (CC&Rs) for Sierra Ranch. Those CC&Rs also created the Sierra Ranch Homeowners Association (HOA). ECF No. 9 at ¶ 10.[2]

On April 7, 2010, a notice-of-delinquent-assessment lien in the amount of $1,707.00 was recorded on the Copper Pine residence by a law firm, Leach Johnson Song & Gruchow, on behalf of the HOA (hereinafter the "HOA's Agent"), and a copy of the recorded lien was sent to Galvez via email. ECF No. 48 at 3; ECF No. 49 at 2. In June 2011, an Assignment of Deed of Trust was recorded, transferring the beneficial interest of the Countrywide deed of trust to BAC Home Loans Servicing, LP. ECF No. 9 at ¶ 12.[3] Approximately one month later, the HOA's Agent recorded a notice of default and election to sell the Copper Pine property for failure to pay the delinquent HOA dues. ECF No. 30-11. On September 26, 2012, the HOA's Agent recorded a notice of foreclosure sale for $6,324.94. ECF No. 30-13. It is undisputed that the HOA's Agent followed all Nevada Revised Statutes (NRS) requirements for proceeding on the foreclosure.

---

[2] This is not disputed by either party.

[3] BANA asserts, and plaintiff does not dispute, that it is a successor to BAC based on a merger in July 2011. As a result, BANA was the beneficiary of the Deed of Trust.

The foreclosure sale occurred on November 14, 2013, at which time NV West purchased the Copper Pine property for $12,300. The HOA's Agent recorded a foreclosure deed identifying NV West as the purchaser of the Copper Pine property. Foreclosure Deed, ECF No. 30-2. Following the recording of the foreclosure deed, BANA recorded an assignment of deed of trust with the Secretary of Housing and Urban Development on May 14, 2014 (ECF No. 30-5) and a reassignment of that deed to Bayview Loan Servicing, LLC on June 2, 2014. ECF No. 30-6. There were two additional reassignments of the deed in 2016. As relevant to the pending motions, Bayview recorded a corporate reassignment of the deed from MTGLQ Investors, L.P., to BANA on July 3, 2017. ECF No. 30-9.

### III. Legal standard

Rule 56(c) provides that summary judgment must be granted when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must not make credibility determinations or weigh conflicting evidence. *Id.* at 255. Rather, the court must view the evidence in the light most favorable to the non-moving party, drawing all "justifiable inferences" in its favor. *Id.* (internal citation omitted).

The movant bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

IV.  Analysis

  *A.  BANA provides sufficient evidence showing that the HOA Agent had a policy of rejecting tender.*

In Nevada, if a homeowner fails to pay a certain portion of HOA dues, the HOA is authorized to foreclose on a "super-priority lien" for that amount, extinguishing other liens and encumbrances on the delinquent property, including a previously recorded first deed of trust. *See* NRS § 116.3116. But a lender holding a first deed of trust may avoid extinguishment of its lien by tendering payment on the "super-priority" portion of the unpaid HOA dues. *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622–23 (9th Cir. 2019).

NV West contends that it is entitled to declaratory relief because there is no evidence that BANA tendered, or attempted to tender, payment.[4] It further argues that the foreclosure agent timely recorded, mailed, posted, and published every notice required by Nevada law to foreclose the unpaid super-priority portion of the HOA's assessment lien, and therefore BANA's deed of trust was extinguished. Opp., ECF No. 52 at 9; Mot. Summ. J., ECF No. 49 at 7.

BANA contends that it is entitled to quiet title and declaratory relief as a matter of law, arguing that its deed of trust survived the HOA's foreclosure sale because its tender was excused due to the HOA Agent's known policy for rejecting tender. ECF No. 48 at 7–8. BANA also argues that if the HOA did foreclose on a super-priority lien, the foreclosure is invalid because the sale was oppressive and unfair. *Id.* at 9–11. BANA further argues that its claims against the Copper Pine property are not time barred. *Id.* at 12. In opposition, and in its own motion for summary judgment, NV West argues that neither BANA nor its predecessors made a valid tender of any amount to the HOA or its Agent, and that BANA fails to demonstrate that the HOA or its Agent would have rejected any tender. ECF No. 52 at 9, 10–11, 14.

---

[4] In opposition to BANA's motion and in its own motion for summary judgment, NV West argues that the foreclosure sale is presumed valid and that BANA carries the burden of proof to show it was not. ECF No. 49 at 9. In its reply, BANA notes that it is not disputing the validity of the sale, rendering NV West's argument related to validity essentially moot. I agree and therefore do not address this argument in resolving NV West's motion.

The facts of this case are similar to a recent Nevada Supreme Court decision, *Bank of Am., N.A. v. Trashed Home Corporation*, 527 P.3d 968 (Nev. 2023).[5] Like in this case, the owner of the subject property in *Trashed Home* failed to make the required HOA payments, which resulted in foreclosure proceedings. *Id.* Through its foreclosure agent, the HOA recorded a notice-of-delinquent-assessment lien and later a notice of default and election to sell to collect on the past-due assessments and other fees under NRS Chapter 116. *Id.* Also like in this case, the holder of the first deed of trust on the property was BANA, which responded through the same counsel—Miles Bauer—by sending a payoff request to the foreclosure agent prior to the sale. The foreclosure agent responded to the request by stating that it would provide a statement of account for the nine-month super-priority lien only upon proof of foreclosure by the bank. *Id.* And also as in this case, BANA took no further action after receiving the foreclosure agent's response. *Id.* Thereafter, the HOA proceeded with its foreclosure sale, where Trashed Home purchased the property. Trashed Home brought a quiet-title action, and BANA counterclaimed, seeking the same relief. BANA was successful following a bench trial, but the Nevada Supreme Court determined that the trial court erred in relying on a case that was vacated after the trial. *Id.* On remand, the district court applied the reasoning in *7510 Perla Del Mar Ave Trust v. Bank of Am., N.A.*, 458 P.3d 348 (Nev. 2020)[6] and determined that the foreclosure agent did not have a known policy of rejecting tender payments such that tender should have been excused. The district court thus determined that BOA did not have any ongoing rights to the property. BANA appealed and the Nevada Supreme Court overturned the trial court's decision, determining that there was substantial evidence showing that the foreclosure agent had a policy of rejecting

---

[5] This decision was issued after briefing on the motions in this case was complete. Nonetheless, I find the reasoning persuasive and the facts analogous to this case, so I apply it here.

[6] The en banc Nevada Supreme Court adopted the excused-tender theory in *7510 Perla Del Mar Ave. Trust v. Bank of America*. The Court held that a "promise to make a payment at a later date or once a certain condition has been satisfied cannot constitute a valid tender" and that the obligation to tender the super-priority amount is excused if tender would have been futile because it would have been rejected. *7510 Perla Del Mar*, 458 P.3d at 348.

tender payments. As a result, BANA was excused from its formal tender responsibilities, and the court determined that BANA had preserved its interest in the property. *Id.*

As in *Trashed Corporation*, BANA has not demonstrated a valid tender in this case. But the evidence does support its inquiry into the payoff amount in an attempt to tender. *See* ECF No. 52-3 (August 3, 2011, letter from Miles Bauer offering to pay sum to fully discharge its obligations to the HOA); ECF No. 52-4 (fax from HOA Agent stating, "[i]n regards to your payoff request, please contact Real Manage . . . they will be handling all payoff demand requests"). Even though BANA took no other action, the Nevada Supreme Court has determined that it was not required to, as long as the evidence shows that the HOA's Agent in this case had a policy of rejecting tender. BANA's evidence shows that the HOA Agent was known to reject tender, and that BANA was aware of that policy. *See* Exhibits E–P, ECF Nos. 48-5 through 48-16. NV West's attempts to distinguish the cases cited by BANA showing the tender-rejection-policy are unavailing. NV West argues that tender or attempted tender was made in many of the cases cited by BANA. *See* ECF No. 52 at 12–13 (citing ECF Nos. 48-8 through 48-16). But under *Trashed Corporation*, that does not impact whether BANA preserved its interest in the property. And NV West fails to provide any evidence demonstrating that the HOA Agent would have accepted tender if offered. *Cf. U.S. Bank, N.A. as Tr. for Certificateholders of LXS 2006-12N Tr. Fund v. Ascente Homeowners Ass'n*, 2021 WL 742868, at *5 (D. Nev. Feb. 25, 2021) (denying summary judgment because the plaintiff submitted a declaration stating that if called to testify, the HOA Agent in that case would testify that any check submitted by Miles Bauer for the property at issue would have been accepted).

B.   *BANA's counterclaim is timely.*

BANA argues that its quiet-title claim is not time barred by the three-year statute of limitation in NRS § 11.190(3)(a), which NV West disputes. ECF No. 48 at 11–12; ECF No. 52 at 17. That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture." NRS § 11.190(3)(a). In a recent case, *U.S. Bank, N.A. v. Thunder Props., Inc.*, 503 P.3d 299

(Nev. 2022),[7] the Nevada Supreme Court held that the four-year statute of limitations in NRS § 11.220 applied to foreclosure actions but held that "an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations." *Id.* at 307. The *Thunder Properties* decision held that "the statute of limitations should not run against a lienholder until it has something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien." *Id.* at 306. Here, the "notice of disturbed possession" did not occur until November 2018 when NV West filed its quiet-title action in state court. Thus, BANA's counterclaim, which was brought in February of 2019, falls well within the applicable statute of limitations.

C. *The bona fide purchaser doctrine does not apply.*

NV West claims that its bona fide purchaser status preserved the super-priority lien. ECF No. 52 at 20–21. This argument has already been rejected by the Nevada Supreme Court, which has held that valid tender voids a foreclosure sale and prevents transfer of title. *See Diamond Spur*, 427 P.3d 113, 121 (Nev. 2018) ("A party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void."). Applying *Diamond Spur*, BANA's failure to offer tender during the foreclosure proceeding is irrelevant.

D. *BANA's request for injunctive relief is timely and granted.*

BANA's counterclaim seeks injunctive relief against NV West. ECF No. 9 at 14–15. A request for injunctive relief is not a separate claim for relief, but rather a remedy. *HSBC Bank USA, Nat'l Ass'n as Tr. for Deutsche Alt-A Sec. Inc. Mortg. Loan Tr. v. Underwood Partners*, LLC, 2019 WL 1342766, at *4 (D. Nev. Mar. 25, 2019). Nonetheless, I grant BANA's request for this remedy and declare that BANA's deed of trust continues to encumber the Copper Pine property. NV West's interest in the property, if any, is subject to BANA's deed of trust.

---

[7] This decision was also issued after briefing on the pending motions was complete.

V.	Conclusion

IT IS THEREFORE ORDERED that NV West's motion for summary judgment [ECF No. 49] is DENIED.

IT IS FURTHER ORDERED that BANA's motion for summary judgment [ECF No. 48] is GRANTED. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

DATED: July 13, 2023

_____
Cristina D. Silva
United States District Judge